IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| RANDY M. COLE, ) | Civil Action No. 4:06-cv-01476-TLW-TER |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | REPORT AND RECOMMENDATION |
| STAN BURTT, WARDEN OF ) | |
| LIEBER CORRECTIONAL ) | |
| INSTITUTION; AND ) | |
| HENRY McMASTER, ) | |
| ATTORNEY GENERAL FOR ) | |
| SOUTH CAROLINA, ) | |
| ) | |
| Respondents. ) | |
| _____) | |

## I.  PROCEDURAL BACKGROUND

The petitioner, Randy Cole, appearing *pro se*, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] on May 15, 2006. On August 4, 2006, respondents filed a motion for summary judgment along with a return and memorandum and exhibits in support of that motion. (Doc. #8 & 9).  Because the plaintiff is proceeding pro se, he was advised on or about August 8, 2006, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th. Cir. 1975), that a failure to respond to the respondents' motion for summary judgment with additional evidence or counter affidavits could result in dismissal of his petition. A response was due on or before September 11, 2006. On September 12, 2006, petitioner filed a motion for an extension of time to respond to the motion for

---

[1]This habeas corpus case was automatically referred to the undersigned United States magistrate judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 19.02 (B)(2)(c), DSC.  Because this is a dispositive motion, this report and recommendation is entered for review by the District Judge.

summary judgment. This motion was granted and petitioner was given until October 2, 2006, to file his response or his case may be dismissed pursuant to Rule 41b of the Federal Rules of Civil Procedure. (Doc. #15). Petitioner failed to file a response.

## A. RULE 41(B) DISMISSAL

A complaint may be dismissed pursuant to Rule 41 (b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the court. Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989), cert. denied 493 U.S. 1084 (1990) and Chandler Leasing Corp. v. Lopez, 669 F.2d 919 (4th Cir. 1982). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

(1)  the degree of plaintiff's responsibility in failing to respond;

(2)  the amount of prejudice to the defendant;

(3)  the history of the plaintiff in proceeding in a dilatory manner; and,

(4)  the existence of less drastic sanctions other than dismissal.

Davis v. Williams, 588 F.2d 69 (4th Cir. 1978).

In the present case, the petitioner is proceeding pro se so he is entirely responsible for his actions. It is solely through petitioner's neglect, and not that of an attorney, that no responses have been filed. Petitioner has not responded to respondents' motion for summary judgment, the court's Roseboro order, or the court's order of September 13, 2006, advising petitioner that if he did not respond by October 2, 2006, his case may be dismissed for failure to prosecute pursuant to Rule 41b. The undersigned concludes the petitioner has abandoned his lawsuit. No other reasonable sanctions are available. Accordingly, it is recommended that this action be dismissed pursuant to Fed. R. Civ.

Proc. 41(b).[2]

## II.  CONCLUSION

As set out above, a review of the record indicates that the petitioner's petition should be dismissed for failure to prosecute. It is, therefore,

RECOMMENDED that petitioner's petition be dismissed for failure to prosecute pursuant to Fed. R. Civ. Proc. 41(b).

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

October 24, 2006
Florence, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

---

[2] In the alternative, the undersigned recommends respondents' motion for summary judgment should be granted. Petitioner's ground one, trial court error, would be procedurally defaulted as it was not raised to the state's highest court. However, the issue was raised in the context of ineffective assistance of appellate counsel in both PCR and on PCR appeal. This issue is not appropriate for habeas corpus relief in that there is no constitutional right to appellate counsel. The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under Section 2254. 28 U.S.C.A. §2254(i).